WEAS v. MONTGOMERY.

Opinion delivered January 27, 1930.

990

*Rodney Parham* and *Carmichael & Hendricks,* for appellant.

*Robinson, House & Moses* and *W. H. Holmes,* for appellee.

BUTLER, J. The appellant, J. A. Weas, at the April election, 1923, was elected to the office of judge of the municipal court of North Little Rock. He held the office without further election until the city election in April, 1926, when he again ran for said office against two opponents, and received a majority of the votes cast at that election. At the April election, 1927, he again ran for the office and was again elected. Before the April city election, 1929, the appellee, R. L. Montgomery, became a candidate for said office to be voted on at the election following, and the appellant again offered for election at the general election to be held on April 2, 1929, but at the time he made the decision to enter the race, he filed with the board of election commissioners of Pulaski County a letter in which he claimed that the term of office which he was then serving would not expire until April, 1931, and expressed the belief that the election commissioners would not place the name of any one on the official ballot for the office of municipal judge unless required to do so by some court of competent jurisdiction. At this election appellant was defeated by R. L. Montgomery, who thereafter qualified and was inducted into office to succeed the appellant. The appellant thereupon brought action in the circuit court of Pulaski County to oust appellee from said office.

On the trial of the case the court found that the election for judge of the municipal court of North Little Rock was properly held in 1929, that the appellant's term had expired at that election, and that the appellee was duly elected, qualified and legally acting judge of said court. To reverse that judgment, the appellant has appealed to this court.

There are a number of questions presented by the parties to this action in their respective briefs which it will be unnecessary to consider or determine, for a decision of this case must rest upon the interpretation of act No. 702 of the Acts of 1923, approved March 27, 1923. Section 2 of that act provided that the term of the municipal judge should be fixed at four years. The act also contained other important provisions, one being that the salary of the judge should be increased from two thousand to three thousand dollars per annum; another, for the appointment by the judge of a clerk with an increase in salary from $1,200 to $1,950 per annum, and prescribed the powers and duties of such clerk. To this act no emergency clause was attached, and in the last section there was a clause for the repeal of conflicting laws, and directing that the act "shall take effect and be in force from and immediately after the general city election of 1923." The term of office for the municipal judge for the city of North Little Rock, prior to the passage of this act, was two years, as fixed by act No. 221 of the Acts of 1917, and therefore the term for which the appellant was elected will depend upon which of the two acts was in force at the time of the April election, 1923. To determine the intent and meaning of a statute, it will be considered as a whole, giving the language used its ordinary and sensible meaning. Applying these cardinal rules to the construction of the act of 1923, *supra*, it is certain that the act did not become effective until after the city election in that year. This is the only interpretation of which the language of § 5 of that act is susceptible: "This act shall be in force from and immediately after the gen-

eral city election of 1923." If it had been the legislative intent that the act should be in force when that election was held, surely the language used would have been different, as "shall take effect and be in force from and after its passage," or take effect and be in force before" or "at" such general election.

The act could not have been in force at the 1923 election for another reason. The act was without an emergency clause, and therefore did not become effective until ninety days after March 8 the date of adjournment of the Legislature, and until June 6 following. *Gaster* v. *Dermott-Collins Road Imp. Dist.*, 156 Ark. 507, 248 S. W. 2. When appellant was elected in 1923, he was elected for two years, which term expired in April, 1925. Indeed, counsel for appellant seems to concede this, for in his argument presented to this court he says: "Appellant was elected at the general election of 1923 for a two-year term, because the act did not go into effect until after that election." If then the appellant was elected at the 1923 election to the office of judge of the municipal court for a term of two years, the question arises, When did the four-year term created by act No. 702, *supra,* begin? Upon the answer to this question depends the correctness of the judgment of the trial court. Appellant argues that, since the concluding section of the act provides that it shall be in force from and immediately after the city election in 1923, the term of four years prescribed therein began at the time appellant took office under that election. If this is true, we have this peculiar and unusual situation—that of a judge of the municipal court serving for two terms during one and the same period of time, namely, for a term of two years, and one for one of four years by virtue of the same election, one term ending in 1925 and the other in 1927. Appellant contends that the four-year term of office began in 1923, because the statute makes the specific provision that it should begin then. We are of the opinion that counsel for the appellant has confused that part of the act relating to the term

with the other portions of the act, which, as we have seen, are important; *i. e.,* that part providing for the salary of the judge of the court, and increasing same over that received by him previous to the passage of the act of 1923, and, also for the appointment by the judge of a clerk of the court, and the increase in salary of said clerk. As to these provisions, the Legislature intended and so specified that the judge and clerk of the court should receive the benefits immediately after they were inducted into office, and doubtless they have drawn these salaries at the increase named in said act over the salaries previously provided. The record does not say so in so many words, but we can reasonably presume that the officers took advantage of this manifest intention of the Legislature. But, as to the term provided by the act of 1923, we do not see how it could have begun immediately after the election, because the judge was elected for a different term, and the reasonable inference is that the four-year term provided did not begin until the term for which the judge had been elected had expired. This would have been in 1925, and that election was the proper one at which the appellant should have offered himself for reelection, and, if then elected, he would have held office for four years therefrom. For some reason, there was no election held in 1925, and a vacancy therefore would have occurred in the office of municipal judge but for the provision of the Constitution that the incumbent in office should continue until his successor should have qualified. By virtue of said constitutional provision, appellant continued in office during the year 1925 and until April, 1926, and at the general election held in April, 1926, he became a candidate for the office of municipal judge, and was elected, receiving a majority of the votes cast at that election. The record is not clear as to just what was the nature of that election—whether or not it was a special election called to be held at the time of the general election to fill the vacancy in the office of judge of the municipal court, as provided by § 50, art. 7, of the

994

State Constitution. However, as the appellant continued to hold office after the election of 1926, we think it makes no difference whether he was holding by virtue of a special election, or by virtue of his right to serve until his successor was duly elected and qualified. At the general election in 1927, appellant again offered as a candidate for the office of municipal judge and was again elected. He contends that the term of office under which he had previously been holding expired, and that the 1927 election was the proper time at which the municipal court judge should be elected for another term. In this he was clearly mistaken; in 1925, appellant's two-year term having expired, if the new four-year term began, whether the election of 1926 be treated as a special election to fill a vacancy or whether the 1927 election was such, the practical result is the same, for, no matter how he was holding, he was, and could, only have been holding for the four-year term beginning with the April election, 1925. As the four-year term began in 1925, the election of April, 1929, was the proper time to elect the appellant's successor in office, and the appellee, having received a majority of the votes cast at that election, is now the legally elected judge of the municipal court.

The trial court was correct in so holding, and the judgment is therefore affirmed.